UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| RAYMOND CHESTNUT, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:16-cv-00459-WTL-DLP |
| CHARLES DANIELS, | ) |  |
| Respondent. | ) |  |

### Entry Granting Motion to Dismiss and Directing Entry of Final Judgment

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus challenging 18 separate disciplinary hearings. Dkt. No. 1. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be opened. The current action relates to Mr. Chestnut's challenge to the disciplinary proceeding that commenced with Report No. 1817744, in which Mr. Chestnut was found guilty of possessing a weapon, a Code A violation, in 2009. Mr. Chestnut was granted leave to file an amended petition and that amended petition was filed on October 25, 2017, in which Mr. Chestnut alleges violations of his due process rights.

On June 29, 2017, while this action was pending, Mr. Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia as Case No. 1:17-cv-02468-ELR, challenging four disciplinary reports, including Report No. 1817744, on due process grounds. Dkt. No. 47-1. On September 27, 2017, the Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed with prejudice as successive and because of Mr. Chestnut's abusive litigation of § 2241 habeas petitions. Dkt. No. 47-2. Mr. Chestnut objected to the recommendation,

seeking a dismissal without prejudice in light of the fact that he was litigating the same challenges in both this Court and the District of South Carolina. Dkt. No. 47-3 at 12. By Order dated October 19, 2017, the district court overruled Mr. Chestnut's objections and adopted the recommendation of the Magistrate Judge. Dkt. No. 47-4. The district court ordered that the action be dismissed with prejudice. *Id.* Judgment was entered on October 20, 2017. Dkt. No. 47-5.

In this case, the respondent argues that the petition for writ of habeas corpus should be dismissed as a successive petition. Mr. Chestnut opposes the motion to dismiss, arguing that the due process claim he raises in his amended petition, that he was denied proper notice before the disciplinary hearing, has not yet been fully briefed and ruled on in any other court. Mr. Chestnut's assertion is baseless.

Mr. Chestnut has established a pattern of having filed due process challenges to Report No. 1817744 in other districts, only to move to voluntarily dismiss the petitions after they have been fully briefed but before the district court has ruled. Those motions to dismiss were granted without prejudice. He did this, initially, three times in the Middle District of Pennsylvania in 3:13-cv-2428-WJN-DB (in which Mr. Chestnut alleged that he did not receive the incident report within 24 hours of the incident, he did not have a hearing within three days, video evidence was not preserved, and he was not permitted to call witnesses or have a staff representative), 3:15-cv-00499-WJN-DB, and 3:15-cv-00633-WJN-DB. Dkt. No. 39. His fourth petition challenging Report No. 1817744 was filed in the Northern District of Georgia. That action was transferred to the Middle District of Pennsylvania as 3:15-cv-1524-WJN-DB, shortly after which Mr. Chestnut filed a notice of voluntary dismissal, which was granted without prejudice. *Id.*

Mr. Chestnut filed yet a fifth petition challenging Report No. 1817744 in the District of South Carolina, 1:15-cv-02770-RBH. In that case, Mr. Chestnut argued that his due process rights were violated because the hearing officer failed to call witnesses, Mr. Chestnut was not provided notice of the hearing, and he did not receive a copy of the incident report. That case was transferred to the Middle District of Pennsylvania, 3:15-cv-1827-WJN-DB, and ultimately was dismissed over the respondent's objections based on Mr. Chestnut's motion for voluntary dismissal without prejudice. *Id.*

On August 27, 2015, Mr. Chestnut filed his sixth challenge to Report No. 1817744 in the Middle District of Pennsylvania, 3:15-cv-1660-WJN-DB. The respondent responded on the merits to Mr. Chestnut's claim alleging an incorrect calculation of good time credits lost, and Mr. Chestnut again moved to dismiss the action without prejudice. The court denied Mr. Chestnut's motion to dismiss, noting that the petition was ripe for resolution. The action was dismissed based on the court's finding that Mr. Chestnut's allegation about being sanctioned with an incorrect number of days of good time credits was meritless. The habeas petition was denied and the action dismissed on August 23, 2016. *Id.*

Mr. Chestnut filed a seventh challenge to Report No. 1817744 on November 28, 2016, in the Western District of Oklahoma, 5:16-cv-01352-R. On preliminary review, the court dismissed the petition as untimely. *Chestnut v. Fox*, 2017 WL 713907 (W.D.Okla. Feb. 23, 2017).

While his fifth and seventh petitions were still pending, Mr. Chestnut filed this action on December 12, 2016, his eighth petition.

The Court appreciates the respondent's detailed recitations of Mr. Chestnut's litigation history in challenging Report No. 1817744. The Court shall not expend any more resources discussing any due process claim presented by Mr. Chestnut related to that 2009 incident report.

Mr. Chestnut has received more than his due in terms of government responses and judicial efforts. He has not offered any persuasive opposition to the fact that his own abusive litigation strategy and prior cases render this case barred as successive. 28 U.S.C. § 2244(a) provides that the Court shall not entertain this habeas petition because "the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus…." *Id.* Mr. Chestnut's due process claims have been decided, at a minimum, by the Middle District of Pennsylvania, 3:15-cv-1660, the Western District of Oklahoma, and the Northern District of Georgia. The respondent's motion to dismiss, Dkt. No. 46, is **granted.** Judgment consistent with this Entry shall now issue. The action is dismissed with prejudice.

    **IT IS SO ORDERED.**

Date: 5/31/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
EDGEFIELD - FCI
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov